**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SPECTRUM UA CREDIT and GENO PIKULIK, individually and as a member of Spectrum UA Credit LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UKRAINE, THE NATIONAL BANK OF UKRAINE, THE DEPOSIT GUARANTEE FUND, and THE SECURITY SERVICE OF UKRAINE,<br><br>Defendants. | Case No. 26-01090-AHA |

**PREMOTION STATEMENT**

Defendants Ukraine, the National Bank of Ukraine, the Deposit Guarantee Fund, and the Security Service of Ukraine (collectively, "Defendants") respectfully submit this Premotion Statement pursuant to the Court's April 9, 2026 Order.[1]

Defendants retained counsel in this case only days ago. It is apparent from the outset, however, that there are many reasons why the Complaint filed by Spectrum UA Credit ("Spectrum") and Geno Pikulik ("Pikulik") (collectively, "Plaintiffs") should be dismissed in its entirety.

## I. LACK OF SUBJECT-MATTER JURISDICTION UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT

All of the Defendants qualify as a "foreign state" immune from suit under Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. ("FSIA").

[1] Defendants expressly reserve, and do not waive, all defenses including lack of personal and subject-matter jurisdiction and immunity from suit under United States and international law.

"In the United States, there is only one way for a court to obtain jurisdiction over a foreign state and it is not a particularly generous one—the FSIA." *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005); *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) ("The [FSIA] provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country."); *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 278 (2023) (explaining the statute "displaces general grants of subject-matter jurisdiction in Title 28" in civil case against foreign states"). The FSIA presumes a foreign state's immunity unless one of the statute's narrow exceptions to immunity is shown to apply. *Nelson*, 507 U.S. at 355. None apply here.

Almost all of the counts of the Complaint sound in tort: Counts I-V allege tortious inference, Count VI alleges conversion, and Count IX alleges trespass against chattels.[2] The FSIA contains only a narrow exception for tort claims, and it only applies to torts committed <u>in the United States</u>. 28 U.S.C. § 1605(a)(5) (the "Tort Exception"); *Doe v. Federal Democratic Republic of Ethiopia*, 851 F.3d 7, 10 (D.C. Cir. 2017) ("[T]he entire tort—including not only the injury but also <u>the act precipitating that injury</u>—must occur in the United States." (alteration in original) (emphasis added) (citation omitted)). Here, the Defendants' alleged misconduct occurred in Ukraine, so the Tort Exception cannot apply.

Likewise, the exception for claims arising out of a foreign sovereign's commercial activities does not apply. 28 U.S.C. § 1605(a)(2) (the "Commercial Activity Exception"). That exception permits certain breach of contract claims agsinst foreign governments, but Plaintiffs do

---

[2] The Complaint fails to identify the substantive law underlying any of its counts. Apparently, Plaintiffs seek to enforce the common law of some unnamed jurisdiction to events occurring entirely in Ukraine, a civil law country. That is not the correct choice-of-law. Plaintiffs fail to state a claim upon which relief can be granted, and the Complaint should be dismissed, for this additional reason.

not claim breach of contract. Instead, their claims are based upon an alleged expropriation and the cancelation of official license to provide financial services in Ukraine. Those are non-commercial, regulatory acts of a uniquely governmental nature, not the type of conduct that private parties engage in during ordinary trade and commerce. *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992).

The Commercial Activity Exception also does not apply for another reason: Plaintiffs' claims lack the required nexus to the United States. *See* 28 U.S.C. § 1605(a)(2) (requiring that the claim be based upon the foreign state's commercial activity carried on in the United States or, at the very least, "upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States"). Here, the alleged actions giving rise to Plaintiffs' claims occurred in Ukraine. Contrary to what the Complaint strains to suggest, an alleged financial loss in this country does not amount to a "direct effect in the United States" under controlling law. *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1184 (D.C. Cir. 2013).

The Complaint fares no better under the Expropriation Exception, 28 U.S.C. § 1605(a)(3) (the "Exproporation Exception"). That narrow exception does not apply to domestic takings, and here Plaintiffs allege the DGF expropriated from Spectrum Assets LLC, a Ukrainian company. *Ivanenko v. Yanukovich*, 995 F.3d 232, 237 (D.C. Cir. 2021) (affirming dismissal of suit under the FSIA where, as here, the complaint alleged that Ukraine expropriated from a company incorporated in Ukraine). Moreover, the Expropriation Exception requires that the expropriated property be (1) "present in the United States" or (2) possessed by an "agency or instrumentality" (*i.e.*, a state-owned company) that is "engaged in a commercial activity in the United States." *See*

28 U.S.C. § 1605(a)(3). Neither of these criteria are remotely satisfied here and the Complaint does not contend otherwise.

For each of the foregoing reasons and the many other reasons that Defendants intend to address in their motion to dismiss, this Court lacks subject-matter jurisdiction under the FSIA.

## II. THIS LITIGATION IMPERMISSIBLY DUPLICATES AN ONGOING ICSID ARBITRATION.

There happens to be a venue where qualifying investors may seek redress for alleged foreign expropriations: the World Bank's International Center for the Settlement of Investment Disputes ("ICSID"). Pursuant to the 1994 Bilateral Investment Treaty between Ukraine and the United States (the "BIT"), certain American investors may elect to pursue expropriation claims against Ukraine under the auspices of ICSID instead of in court. Before filing this lawsuit, Spectrum availed itself of this alternative dispute mechanism by filing a Requests for Arbitration with ICSID (the "RFA"). Spectrum's RFA makes the same allegations of misconduct that it repeats in this lawsuit. The RFA demands the same $127 million demanded here.

This lawsuit cannot proceed because the act of seeking relief in an ICSID arbitration is "consent to such arbitration to the exclusion of any other remedy." ICSID Convention, Article 26 (emphasis added). Accordingly, this litigation should be dismissed or, at the very least, stayed pending the outcome of the ICSID arbitration. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 78 F. Supp. 3d 117 (D.D.C. 2015). This Court is often called upon to *enforce* arbitration awards at the *end* of ICSID proceedings, but there is no justification for Spectrum seeking the same relief in two venues at the same time.

## III. LACK OF PERSONAL JURISDICTION

As Spectrum recently acknowledged, it has failed to effectuate service upon all of the Defendants. Dkt. 9. The unique service rules imposed by the FSIA are strictly enforced and the

lack of proper service on a foreign sovereign is a failure of personal jurisdiction. 28 U.S.C. § 1330(b); *Przewozman v. Islamic Republic of Iran*, 628 F. Supp. 3d 307, 312-18 (D.D.C. 2022). This case cannot proceed against unserved parties.

## CONCLUSION

For all of the reasons explained above, Defendants respectfully request that this Honorable Court grant Defendants leave to file a Motion to Dismiss.

Respectfully submitted,

**DEFENDANTS UKRAINE,**
**THE NATIONAL BANK OF UKRAINE,**
**THE DEPOSIT GUARANTEE FUND. and**
**THE SECURITY SERVICE OF UKRAINE,**

By their counsel,

HOLLAND & KNIGHT LLP

*/s/ Zachary P. Lundgren*

Zachary P. Lundgren
DC Bar No. 90012330
800 17th Street NW, Suite 1100
Washington, DC 20006
202-469-5580
*zachary.lundgren@hklaw.com*

Robert M. Shaw*
10 St. James Avenue
Boston, MA 02116
617-305-2018
*robert.shaw@hklaw.com*

*Motion for Admission Pro Hac Vice forthcoming

DATED: November 6, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 6, 2026, a true and correct copy of the foregoing was filed and served by CM/ECF on all counsel of record.

*/s/ Zachary P. Lundgren*
Zachary P. Lundgren